IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HIGH SCHOOL SERVICOS EDUCACIONAIS, LTDA., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:21-CV-00029-DGK ) |
| MUN Y. CHOI, et al., | ) ) ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO ALLOW REMOTE TESTIMONY

This case arises out of a soured business relationship involving educational services provided to Brazilian schoolchildren. Plaintiff High School Servicos Educacionas, LTDA ("HSE") is a Brazilian corporation that contracted with the University of Missouri to provide Brazilian K-12 schoolchildren with a curriculum and diploma that aligned with United States educational standards. HSE alleges that during this relationship, employees of Mizzou K-12—a private school in Missouri that worked with HSE—allegedly infringed HSE's copyrighted educational materials and unlawfully acquired HSE's client list, so it could do business directly with the Brazilian schools.

Now before the Court is Defendants' motion to allow testimony via remote video transmission, or in the alternative, leave to take trial depositions. ECF No. 179. For the following reasons, the motion is DENIED.

**Standard**

Federal Rule of Civil Procedure 43(a) provides that "witnesses' testimony must be taken in open court." But "the court may permit testimony in open court by contemporaneous

transmission from a different location" when there is "good cause in compelling circumstances." Fed. R. Civ. P. 43(a). The decision to allow testimony via remote video transmission falls within the Court's sound discretion. *See Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018). That discretion is supplemented by the Court's "wide latitude in determining the manner in which evidence is to be presented." *Parkhurst v. Belt*, 567 F.3d 995, 1002 (8th Cir. 2009) (citing Fed. R. Evid. 611(a)). Under Rule 43(a), good cause and compelling circumstances "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment. Rather, compelling circumstances most often arise when a witness cannot travel due to "unexpected reasons, such as accident or illness." *Id.*

## Discussion

Defendants seek an order allowing their two expert witnesses—Silmara Juny Abreu Chinellato and Renata Vaccari—who reside in Brazil to provide testimony via remote video transmission. In the alternative, Defendants seek leave to take trial depositions of these expert witnesses after the close of discovery. Neither request, however, is supported by "good cause in compelling circumstances."

Defendants' only justification for remote testimony is that Chinellato and Vaccari reside more than 5,000 miles from Kansas City, Missouri. *See* Reply at 2, ECF No. 198.[1] Mere inconvenience of travel, however, is not a compelling circumstance because Defendants retained Chinellato and Vaccari knowing they resided in Brazil. *See* Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment ("A party who could reasonably foresee the circumstances

---

[1] Initially, Defendants offered several other reasons in addition to geographic distance. First, Chinellato requires a travel visa to enter the United States and the wait time for an interview at the United States consulate in São Paulo was over 400 days. Suggestions in Supp. at 6, ECF No. 179. Second, Vaccari had her daughter's college graduation and a family vacation scheduled during December 2023. *Id.* In their Reply brief, Defendants indicate Chinellato also has an Italian passport allowing her to obtain a visa without the extended wait time. Reply at 2 n.2. And because the trial has been moved from December 2023 to March 2024, Vaccari's family commitments no longer conflict with the trial date. *See id.* at 6. Accordingly, Defendants only remaining justification for remote testimony is geography.

2

offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."). The geographic distance between Brazil and Kansas City was neither unknown nor unexpected and cannot support Rule 43(a)'s limited exception to live testimony. *See Kraan Invs. (USA) LLC v. Tarpenning*, No. 20-2538-DDC, 2022 WL 843491, at *1 (D. Kan. Mar. 22, 2022) (denying request for remote testimony based only on the inconvenience of travelling from Australia to Kansas).

Although the Court recognizes the time and cost travel involves, the importance of the live testimony to the factfinders, parties, and Court outweighs these concerns.

## Conclusion

For the foregoing reasons, Defendants' motion to allow testimony via remote video transmission, or in the alternative, leave to take trial depositions is DENIED.

**IT IS SO ORDERED.**

Date:     November 7, 2023               /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT