IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HIGH SCHOOL SERVICOS EDUCACIONAIS, LTDA., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:21-CV-00029-DGK ) |
| MUN Y. CHOI, et al., | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This case arises from a soured business relationship involving educational services provided to Brazilian schoolchildren. Plaintiff High School Servicos Educacionas, LTDA ("HSE") is a Brazilian corporation that contracted with the University of Missouri ("MU") to provide Brazilian K-12 schoolchildren with a curriculum and diploma that aligned with United States educational standards. This relationship allegedly allowed MU to create a pipeline for Brazilian students to matriculate to its university. Plaintiff alleges that the employees of Mizzou Academy—an academic program within MU's College of Education and Human Development that worked with Plaintiff—allegedly infringed Plaintiff's copyrighted educational materials and unlawfully acquired Plaintiff's client list so it could do business directly with the Brazilian schools.

The Court previously dismissed various claims and defendants. *See* ECF Nos. 76, 132, 238. The remaining Defendants include Angela Hammons, Tamara Regan, Kathryn Fishman-Weaver, and Stephanie Walter. Out of the seven counts in Plaintiff's Second Amended Complaint, only the copyright infringement under Brazilian law remains (Count II).

Now before the Court is Defendants' motion for summary judgment on Count II. The motion is GRANTED.

**Standard**

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

**Undisputed Material Facts**

Mizzou Academy is an academic program housed within MU's College of Education and Human Development. At all times relevant to this dispute, Defendants, as employees of Mizzou Academy, were employed and paid through MU.

Plaintiff HSE is an educational service provider within the Federative Republic of Brazil and does not maintain any offices in the Unites States.

In 2015, MU entered into various agreements with Plaintiff to provide educational services in Brazil through Mizzou Academy. These agreements ensured non-disclosure of certain information and outlined the intellectual property sharing and protections for the parties.

As part of the partnership, Mizzou Academy employees, including Defendants, provided yearly input into the joint "HSE-MK12 Operational Manual." Plaintiff alleges this input was rarely incorporated into the final document.

In early 2019, MU decided to terminate its relationships with Plaintiff and to operate its own program in Brazil without Plaintiff's involvement. As part of this process, Mizzou Academy employee Tanya Haeussler began the process of creating a new Operational Manual.

On January 4, 2019, Haeussler sent a "Highly Confidential" email to Defendants. The email gave them a link to the "INTERNAL 2019 MK12 Operation Manual Google Doc" and told them to "go through the entire document and make sure any changes that are needed are included, including removing all HSE references." Ex. D at 1, ECF No. 203-4. The email indicated each Defendant had only "access to comment" in the document, *id.*, meaning they could only make suggested revisions via comment which could be accepted or rejected by Haeussler. Further, Haeussler was the only person with administrative rights to edit the document.

On January 30, 2019, Mizzou Academy held a meeting with its "Brazil Lead Team" to discuss its relationship with Plaintiff and next steps. *See* Ex. 7, ECF No. 241-7. Defendants were included in the email correspondence concerning the meeting. *Id.* at 1. After the meeting, Haeussler emailed a copy of the PowerPoint presentation to several individuals, including Defendant Fishman-Weaver. *Id.* The final slide of the presentation instructed staff not to "work in the HSE space (Google Docs)"[1] and to delete links to the HSE space because "[f]iles have been copied." Ex. 8 at 20, ECF No. 241-8.

---

[1] As best the Court can tell, many of the documents central to the parties' partnership and day-to-day operations were kept in a shared Google Drive (or similar cloud storage service) accessible by both parties. It also appears Plaintiff had administrative privileges over the shared folders, and therefore alleges the documents were "maintained on servers in Brazil." *See* Sec. Amen. Compl. ¶ 65, ECF No. 80.

3

On February 14, 2019, MU sent a letter to Plaintiff stating their contract would be terminated by February 14, 2020. After receiving this notice, HSE terminated Mizzou Academy's access to its shared folders, including the "HSE space" referenced in the PowerPoint presentation.

On March 12, 2019, Hauessler sent an email stating that the changes to the Operational Manual were complete and that "in light of the IP concern with HSE, the 'Operational Manual' has been completely revised and we now have a DRAFT 2020 Mizzou Academy Handbook!" Ex. D at 1, ECF No. 203-6. The email further asked Defendants to "review the Handbook" and "turn on TRACK CHANGES if you make any edits and return to me." *Id*. During their review, Defendants allegedly removed references to Plaintiff from the Operational Manual but left in Plaintiff's copyrighted photograph and multiple pieces of text from Plaintiff.

## Discussion

On September 18, 2023, the Court denied Plaintiff's request to apply Brazilian law to Count II. ECF No 195 at 3. In doing so, the Court found Plaintiff's Second Amended Complaint did not allege Defendants engaged in infringing conduct in Brazil. *Id*. at 2.

Defendants argue summary judgment is appropriate because, in light of the Court's prior order, Plaintiff fails to state a claim for relief in Count II. In opposition, Plaintiff challenges the Court's conflict of laws analysis, and argues summary judgment is inappropriate because "Plaintiff pled all of the necessary elements of Count 2 against the Defendants herein." *See* Suggestions in Opp'n at 8–9, 12, ECF No. 241.

As an initial matter, Plaintiff's contention that the Court did not engage in a conflict of laws analysis is misplaced. Plaintiff maintained throughout its choice of law briefing that under "the principle of territoriality" no conflict between Brazilian and Unites States copyright law exists because only "Brazilian copyright law applies in Brazil." *See, e.g.*, ECF No. 186 at 8. Plaintiff's briefing neither identified potential conflicts that could exist nor provided an applicable choice of

4

law standard to apply if one did. *See id.* at 11–13. Thus, in the absence of any identified conflict, the Court construed Plaintiff's motion for the application of Brazilian law to be a pleading issue—that is, Brazilian law would apply if Plaintiff's Second Amended Complaint alleged Defendants engaged in infringing conduct in Brazil. The Court found it did not but declined to dismiss the claim *sua sponte*. Plaintiff has not filed any motions seeking reconsideration of that decision or to amend Count II to state a claim against Defendants under Brazilian law. Stated differently, Plaintiff has not taken any action to revive an otherwise stale claim.

But even if the Court overlooked that issue, Plaintiff fails to produce sufficient evidence that Defendants engaged in infringing activities in Brazil. The only new evidence Plaintiff offers is that Defendants were included in an email exchange regarding a meeting of the "Brazil Lead Team" wherein a presentation stated "[f]iles have been copied." *See* Ex. 7, ECF Nos. 241-7; Ex. 8, ECF No. 241-8. But these facts do not establish (1) whether Defendants accessed and copied any of the referenced files, (2) what files were copied, and (3) whether the files were relevant to the Operational Manual Defendants allegedly infringed. Thus, a finding in Plaintiff's favor requires speculation and conjecture not appropriate for summary judgment. *See Mann*, 497 F.3d at 825. Moreover, this conduct occurred in the United States, not Brazil. Plaintiff cites no authority for the assertion that accessing shared documents stored on Brazilian servers is sufficient to establish infringing conduct *in* Brazil—and the Court will not conduct legal research for them. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (cleaned up)); *see also Steves and Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 727 (4th Cir. 2021) ("It is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel." (quoting *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010)).

5

## Conclusion

For the forgoing reasons, Defendants' motion for summary judgment on Count II is GRANTED.

**IT IS SO ORDERED.**

Date:     February 20, 2024            /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT